IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE E. DAMIAN, : <br> As receiver of Today's Growth Consultant, Inc. : <br> (d/b/a The Income Store), : <br>         Plaintiff, : <br> : <br>         v. : <br> : <br> CONKLIN WEB PROPERTIES, LLC, : <br> d/b/a : <br> CONKLIN MEDIA, *et al.*, : <br>         Defendants. : | Civil No. 5:20-cv-06297-JMG |

## **ORDER**

**AND NOW,** this 30th day of April, 2021, upon consideration of Plaintiff Melanie E. Damian's Motion for Substitute Service on Defendant Prospect MX, LLC ("Prospect MX") (ECF No. 25), it is hereby **ORDERED as follows**:

1. The motion (ECF No. 25) is **GRANTED**.[1] The plaintiff is permitted to serve Prospect MX by mailing the summons and complaint with a signed receipt to the address of 202 Little Hill, Lancaster, Pennsylvania 17602.

---

[1] Federal Rule of Civil Procedure 4 requires a plaintiff to properly serve any defendant with a summons and a copy of the complaint. *See* FED. R. CIV. P. 4(c)(1). For corporate defendants, a plaintiff may serve them by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Additionally, "service may be effectuated pursuant to the law of the state in which the district court sits, or in which service is effected." *Nautilus Ins. Co. v. Global Staffing Solutions, Inc.*, No. 20-3927, 2021 WL 120929, at *1 (E.D. Pa. Jan. 13, 2021) (citing Fed. R. Civ. P. 4(e)(1)). In Pennsylvania, this means personally handing original process to "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." PA. R. CIV. P. 424.

    Where, such as here, the plaintiff is unable to personally serve the corporate defendant, Pennsylvania allows the plaintiff to seek "a special [court] order directing the method of service." PA. R. CIV. P. 430(a). Allowing alternative service methods, however, is "only appropriate as a 'last resort' when regular service cannot be made." *Laborers' District Council Constr. Industry Pension Fund v. Miniscalco Corp.*, No. 20-5745, 2021 WL 121136, at *3 (E.D. Pa. Jan. 12, 2021) (quoting *Deutsche Bank Nat'l Tr. Co. v. Marjer, Inc.*, No. 14-2422, 2014 WL 5410203, at *3 (E.D. Pa. Oct. 24, 2014)). Therefore, a plaintiff must first demonstrate that standard service cannot be

2. The initial service as to Prospect MX is **QUASHED** and the plaintiff's time for service of process is **EXTENDED**.[2] The plaintiff shall have an additional sixty (60) days to effect proper service on Prospect MX.

---

effectuated before a court will permit alternative methods. *Id.* To make this showing, the plaintiff must establish that (1) a "good faith effort" was undertaken to locate and serve the defendant, and (2) the proposed alternative method of service is "reasonably calculated to provide the defendant with notice of the proceedings." *Id.* at *2 (quoting *Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *3; *see also* PA. R. CIV. P. 430(a) (requiring an affidavit to be attached to the motion for alternate service "stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made").

Here, the plaintiff avers that she has been unsuccessful in personally serving original process on Prospect MX. ECF No. 25. After the process server learned that Prospect MX was not "known or found" at either the address provided on Prospect MX's website or an address found through a Lexis Accurint search, the plaintiff discovered the address for Prospect MX's co-founder and chief operating officer ("CEO"). *Id.* ¶¶ 2–4. The process server then attempted to personally serve Prospect MX five different times at the CEO's address but was unsuccessful. *Id.* ¶ 5. On one occasion, a woman came to the door and confirmed that the CEO resided at that address. *Id.* However, she refused to open the door, instead directing the process server to "leave the papers on the porch." *Id.* The process server declined, as that would not constitute personal service. *See id.* Now, the plaintiff seeks permission to serve Prospect MX by mail at the CEO's address. *Id.* ¶ 8.

After reviewing the plaintiff's motion and the affidavit attached thereto, the Court finds that the plaintiff has made a good faith effort to locate and personally serve Prospect MX. In particular, the plaintiff has attempted service on seven separate occasions, five at the CEO's residence, and at various times of day. ECF No. 25, Ex. A; *see also Nautilus Ins. Co.*, 2021 WL 120929, at *2 ("Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service." (quoting *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009)). Moreover, the proposed alternative method of service—by U.S. mail—is reasonably calculated to provide the defendant with notice: the plaintiff has confirmed that the defendant currently resides at the provided address. However, pursuant to Pennsylvania Rule of Civil Procedure 403, the Court will require the summons and complaint be mailed with a signed receipt. PA. R. CIV. P. 403. In the event the defendant refuses to accept the mail, then at that time, the plaintiff may resend by ordinary mail. *Id.*

[2] Plaintiffs must serve both the complaint and summons on a defendant within ninety days of the filing of the complaint. *See* FED. R. CIV. P. 4(c)(1), 4(m). When plaintiffs fail to timely serve original process, courts must extend the time for service if the plaintiff demonstrates "good cause" for such failure. FED. R. CIV. P. 4(m). In the Third Circuit, good cause is equated with "excusable neglect." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Courts often assess good cause by looking at three factors, namely: "(1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." *Id.*

Even in the absence of good cause, a district court has the broad discretion to "simply quash service of process," rather than dismiss the complaint. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *see also Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (interpreting the Rule 4(m) advisory committee's notes to explain that the rule allows for relief from dismissal even if plaintiff has not shown good cause). Where a plaintiff has acted in good faith but failed to effectuate service, courts are reluctant to dismiss. *See, e.g.*, *Ramada Worldwide Inc. v. Shriji rupa LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 15, 2013). The Third Circuit has found that a district court may consider: actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other relevant factor whether deciding whether to grant an extension or dismiss the complaint. *Chiang v. U.S. Small Business Admin*, 331 F. App'x 113 (3d Cir. 2009).

3. The Clerk's Office is **DIRECTED** to reissue the summonses as to Prospect MX.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

The deadline for timely serving the defendants in this action was on March 15, 2021, ninety days following the filing of the complaint on December 15, 2020. As such, any attempt to now serve Prospect MX would be untimely. Given the Court's earlier findings that the plaintiff has acted in good faith in trying to serve the defendant and that the alternate method of service is reasonably calculated to be successful, the Court will exercise its discretion to extend the time for service.